UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

In Re:  Request from Argentina Pursuant to the
Treaty Between the Government of the United States
of America and the Government of the Republic of
Argentina on Mutual Legal Assistance in Criminal
Matters in the Matter of Atletico Colon, Santa Fe
_____/

**MEMORANDUM OF LAW IN SUPPORT OF
APPLICATION FOR ORDER TO APPOINT COMMISSIONER**

The United States is seeking an order appointing a person as a commissioner to collect evidence requested by the Republic of Argentina in its attached treaty request (the "Request") made pursuant to the Treaty Between the Government of the United States of America and the Government of the Republic of Argentina on Mutual Legal Assistance in Criminal Matters, U.S.-Arg., Dec. 4, 1990, S. TREATY DOC. NO. 102-18 (1991) (the Treaty), and 18 U.S.C. § 3512.

The Request

The Criminal Court of Instruction of the Second Nomination, Santa Fe City, Argentina pursuant to Article 1 of the Treaty makes this Request in connection with a criminal investigation. Specifically, an investigation into the use of resources by Club Atletico Colon, Santa Fe City (Club) has resulted in the discovery of several irregularities.  These irregularities include overpriced payments made for construction sites, the legitimacy of players' transfer negotiations, unjustified interest payments, the omission of incomes to the Club's treasury, the diversion of state subsidy funds, and the use of Club resources by Club managers for personal reasons and the hiding of this inappropriate use of resources.  The investigation also revealed that bank

records from Interaudi Bank, located in Miami, Florida, were omitted from the Club's financial records.  These bank records may contain transfers of funds amounting to millions of dollars to a brokerage firm or to individuals in Buenos Aires, Argentina.

Pursuant to the facts in the Request, and documents found at Club Atletico, the Argentine authorities have asked for assistance in obtaining bank records from Interaudi Bank account number xxxxxx-xxx-xxx-x0601 in Miami, Florida.  The records requested are for the period of June 1, 2012 through December 31, 2013.

Federal courts, pursuant to the Treaty, statute and their inherent authority, may issue orders as may be necessary for the production of the evidence requested by the Republic of Argentina including orders appointing a person as a commissioner to gather such evidence and establishing the procedures for the production of such evidence.

A.   Authority to Execute the Request

   1.   The Treaty

A treaty constitutes the law of the land.  U.S. Constitution Article VI.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig, et al. v. Miller, Administrator, et al., 389 U.S. 429, 440-441 (1968); In re: Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States and the Republic of Argentina entered into the Treaty "Desiring to improve the effectiveness of the law enforcement authorities of both countries in the prevention, investigation, and prosecution of crime through cooperation and mutual legal assistance in criminal matters." Preamble to the Treaty. In accordance with the provisions of the Treaty, each State is obligated to provide mutual assistance to the other "in connection with the prevention, investigation, and prosecution of offenses, and in proceedings related to criminal matters." Article 1(1); In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons, providing documents and other evidence, and immobilizing criminally-obtained assets. Article 1(2); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty and 18 U.S.C. § 3512 empower federal courts to execute treaty requests in order to comply with the United States' treaty obligations. Article 5(1) provides:

> The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal courts will use compulsory measures to execute such requests. Article 8(1) provides:

> A person in the Requested State from whom evidence is requested pursuant to this Treaty shall be compelled, if necessary, to appear and testify or produce documents, records, or articles of evidence.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state party is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offense under the laws

of the Requested State, except as otherwise provided by U.S. law.  <u>See</u> Letter of Submittal of Treaty to the President, October 17, 1991.

      2.      <u>Statutory Authority Grounding Execution of Requests for Assistance</u>

The Treaty is designed to be self-executing and requires no implementing legislation.  <u>See</u> Letter of Submittal of Treaty to the President, October 17, 1991; <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (11th Cir. 2003).  However, because the procedural provisions in many treaties are minimal, in the past federal courts routinely utilized procedures authorized by 28 U.S.C. § 1782 (the "Commissioner" process) to execute treaty requests from foreign authorities.  <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).  Substantive U.S. law regarding searches, seizures and other compulsory processes further grounded the execution of such assistance requests.

On October 19, 2009, the President signed the Foreign Evidence Request Efficiency Act of 2009 (Public Law 111-79), enacting 18 U.S.C. § 3512, the full text of which is attached for the convenience of this Court.  Section 3512 explicitly authorizes a federal court to:

> Issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Section 3512 directly empowers the federal courts to execute such requests and separately codifies under Title 18 the longstanding practice and procedures employed by the United States and the federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law.  Congress enacted Section 3512 to make it "easier for the United States to respond to these requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 CONG. REC. S6,810 (2009)(Statement of Sen. Whitehouse).

B.      Execution of Foreign Requests for Assistance Under the Treaty and Section 3512

1.      Authorization of the Application to This Court

Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation and prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing and restitution.

For purposes of Section 3512, an application is "duly authorized by an appropriate official of the Department of Justice" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government. In this matter, such authorization and delegation is evidenced by a letter dated October 4, 2016 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution.

Section 3512(c) authorizes filing the instant application in this district, where the majority of the evidence is located.

2.      Foreign Authority Seeking Assistance Within Section 3512 and the Treaty

As to the "foreign authority" making the Request, Section 3512(h) provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

5

In this matter, the Criminal Court of Instruction of the Second Nomination, Santa Fe City is the designated Central Authority in Argentina for requests made pursuant to the Treaty.

As evidenced by the Request itself and confirmed in the authorization process and again by the undersigned, consistent with Section 3512(a)(1), the foreign authority seeks assistance in the investigation or prosecution of criminal offenses or in proceedings related to the prosecution of criminal offenses.

3. <u>Authority of the Federal Courts Under Section 3512.</u>

When enacting Section 3512, Congress intended that federal courts facilitate to the fullest extent possible the execution of requests by foreign authorities for assistance in criminal matters and endeavored to streamline and expedite the execution of such requests.  Section 3512 authorizes federal courts to issue "such orders as may be necessary to execute a request" and specifically includes:  orders for search warrants pursuant to Federal Rule of Criminal Procedure 41; orders for stored wire or electronic communications and related evidence under 18 U.S.C. § 2703; orders for pen registers and trap and trace devices under 18 U.S.C. § 3123; orders for the provision of testimony or a statement or the production of documents or other things, or both; and orders appointing "a person" to direct the taking of testimony or statements or the production of documents or other things, or both; 18 U.S.C. § 3512(a)(1), (2).

The assistance requested by the Republic of Argentina pursuant to the Treaty by the Criminal Court of Instruction of the Second Nomination, Santa Fe City, Argentina, in the instant Request falls squarely within that contemplated by both the Treaty and Section 3512.

C.  Appointment of a Person as Commissioner to Collect Evidence

1.  Statutory Authorization.

Section 3512(b) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements or of the production of documents or other things, or both." The statute further authorizes the person appointed to issue orders, requiring the appearance of a person, the production of documents or other things, or both; administer any necessary oath; and takes testimony or statements and receive documents or other things. Commensurate with past practice under 28 U.S.C. § 1782, it is anticipated that a federal court would appoint an attorney for the government, typically a federal prosecutor, as "Commissioner."

2.  Procedures for Evidence Collection

Section 3512(a) specifically empowers a federal judge to issue "such orders as may be necessary" to execute the request. This authorization encompasses orders specifying the procedures to be used to collect particular evidence, including procedures requested by the foreign authority to facilitate its later use of the evidence. In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003). Nothing in Section 3512 suggests any limitation on a court's power to exercise "complete discretion in prescribing the procedure to be followed" as was available under 28 U.S.C. § 1782. In re: Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 693 (D.C. Cir. 1989), citing 1964 U.S.C.C.A.N. at 3789. See White v. National Football League, et al., 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of a matter before it); FED.R.CRIM.P. 57(b).

a.  Procedures Authorized by Other Statutes.

In addition, Section 3512 references specific U.S. laws for obtaining certain evidence and, by doing so, adopts any statutorily mandated procedures in relation to obtaining orders for search warrants; orders for contents of stored wire or electronic communications or for records related thereto; and orders for a pen register or a trap and trace device.

b.  Orders by the Person Appointed; Commissioner Subpoenas

Section 3512 authorizes the "person" appointed (here, and in past practice under 28 U.S.C. § 1782, the "Commissioner") to issue orders "requiring the appearance of a person, or the production of documents or other things or both." Further, Article 5(1) of the Treaty provides for the issuance of procedural documents, such as subpoenas, to gather evidence:

> The Court of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

If a federal district court so orders, the Commissioner may use the attached form, still entitled "Commissioner's Subpoena," to obtain the requested evidence. See In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the Court under Section 3512 to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders, or commissioner's subpoenas, anywhere in the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions).

c.      Notice of Evidence Taking

As an initial matter, this application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters and its prior practice on behalf of foreign authorities under 28 U.S.C. § 1782.  In re: Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re: Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).   The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of requests.   Article 7(2) provides:

> The Central Authority of the Requested State may request that information or evidence furnished under this Treaty be kept confidential in accordance with conditions which its Central Authority shall specify.

Both Section 3512 and the Treaty at Article 8(1) authorize use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of treaty requests pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  In the absence of a specific request to provide notice, a district court and U.S. authorities can assume that a requesting foreign authority has provided such notice as the foreign law requires, or that foreign law does not require notice and the requesting foreign authority does not consider notice to be necessary or useful.  Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.

      d.      <u>Right to Financial Privacy Act</u>

The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., does not apply to execution of foreign legal assistance requests.   <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re: Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987); <u>In re: Letters of Request from the Supreme Court of Hong Kong</u>, 821 F.Supp. 204, 211 (S.D.N.Y. 1993).   Consequently, to the extent that execution of a request entails production of bank or financial records, notice provisions of the Act do not apply, and the Commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder.   (Note that the Act itself applies only to accounts maintained in a person's name and not to corporate, perhaps even partnership, accounts.   <u>United States v. Daccarett</u>, 6 F.3d 37, 50-52 (2d Cir. 1993).)

## Conclusion

The instant Request is exactly the type of request contemplated for execution under Section 3512.  In its sequential legislative efforts relevant to the provision of assistance to foreign authorities, Congress has intended that the United States set an example to other nations by making judicial assistance generously available.  <u>See, e.g</u>.  <u>In re: Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago</u>, 848 F.2d 1151, 1153-1154 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 1005 (1989).   Section 3512 enables the United States to respond "more quickly . . . to foreign evidence requests.   These efforts will assist the United States with its investigations as foreign authorities will be urged to respond in kind to our evidence requests in a speedy manner."   155 CONG. REC. H10,093 (2009)(Statement of Rep. Schiff).

10

Accordingly, to execute this Request, the United States moves this Court to issue the attached proposed order pursuant to the Treaty and 18 U.S.C. § 3512 appointing the undersigned Assistant United States Attorney as Commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in the Republic of Argentina.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: */s/ Lois A. Foster-Steers*
Lois A. Foster-Steers
Assistant United States Attorney
Florida Bar No. 0480509
99 NE 4th Street, 4th Floor
Miami, FL 33132
Telephone: (305) 961-9203
Email: Lois.Foster-Steers@usdoj.gov